reliable in forming a professional opinion" (*People v Sugden*, 35 NY2d 453, 460 [1974]; *see People v Angelo*, 88 NY2d 217, 222 [1996]). Further, under the circumstances of this case, the court did not abuse its discretion in limiting respondent's cross-examination of petitioner's expert witness (*see generally Matter of Simone D.*, 9 NY3d 828 [2007]).

Contrary to the further contention of respondent, the proposed treatment was "narrowly tailored to give substantive effect to [his] liberty interest" (*Rivers*, 67 NY2d at 497). The order provides that petitioner's authority to administer medication to respondent over his objection is limited to the single course of treatment proposed by petitioner, i.e., antipsychotic medication, and is conditioned upon the continued incapacity of respondent to make a reasoned decision concerning his treatment. In any event, petitioner's authority to administer the medication will terminate one year after respondent returns to a correctional facility. Further, the record establishes that the court considered "all relevant circumstances, including [respondent's] best interests, the benefits to be gained from the [proposed] treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (*id.* at 497-498). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

JOSEPH J. ARIENO et al., Appellants, v SWB FUNERAL SERVICES, INC., Doing Business as PROFETTA FUNERAL HOME CHAPEL, et al., Respondents, et al., Defendants. [890 NYS2d 873]—

Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

DAWN RAWSON, Mother and Natural Guardian of MATTHEW D. FURLONG, JR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105379.) [890 NYS2d 873]—

Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.